AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern   District of   New York

Ramon Bernard, individually and on Behalf of All
Other Persons Similarly Situated

v.

JCJ Bakery Corporation, Charlie Nicosia and
John Does #1-10

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

**08 CV 3808**

**JUDGE KAPLAN**

TO: (Name and address of Defendant)

JCJ Bakery Corporation, 781 Burke Avenue, Bronx, New York, 10467
Charlie Nicosia, 781 Burke Avenue, Bronx, New York, 10467

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Jeffrey M. Gottlieb, Esq.
150 East 18th Street
Suite PHR
New York, New York 10003

an answer to the complaint which is served on you with this summons, within ___30___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(By) DEPUTY CLERK

APR 2 2 2008

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                Date                    Signature of Server

                               _____
                                      Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

The Law Office of Jeffrey M. Gottlieb
Jeffrey M. Gottlieb, Esq. (JG-7905)
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795
Attorney for Plaintiffs

APR 22 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAMON BERNARD, Individually, and on Behalf of
All Other Persons Similarly Situated,

           Plaintiffs,

   -against-

JCJ BAKERY CORPORATION, CHARLIE NICOSIA
and JOHN DOES #1-10

           Defendants.
------------------------------------------------------------X

ECF

2008 Civ. _____

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Demand for Jury Trial**

Plaintiff, through his attorney, complaining of Defendants, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges, on behalf of himself and other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law and for work performed for which they did not receive the statutory minimum wage, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq.

2. Plaintiff further complains on behalf of himself that he is entitled to back wages from Defendants for overtime work for which he did not receive overtime premium pay and for work performed for which he did not receive statutory minimum wages, as required by New York Labor Law §§ 650 et seq., including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of

the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law) in violation of said statutes.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, this Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendants' principal place of business is in this district and a substantial part of the events or omissions giving rise to the claims occurred in this District.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff, Ramon Bernard ("Plaintiff" or "Bernard"), at all relevant times, resided in Bronx, New York.

7. Upon information and belief, Defendant, JCJ Bakery Corporation (the "Defendants" or "JCJ"), is a corporation organized and existing under the laws of the State of New York.

8. Upon information and belief, Defendant, JCJ Bakery Corporation, conducts business at 781 Burke Avenue, Bronx, New York, 10467.

9. Upon information and belief, Defendant, JCJ Bakery Corporation, is owned and operated by Defendant, CHARLIE NICOSIA ("Nicosia").

2

10. Upon information and belief, Defendant, Nicosia, is the managing agent of the Defendant and is the principal owner of Defendant, JCJ Bakery Corporation, and participated in the day-to-day operations of the Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable.

11. The Defendants own and operate a bakery in Bronx, New York.

12. Upon information and belief, each Defendant is an enterprise engaged in commerce or in the production of goods for commerce. Each Defendant is an enterprise because each performs its related activities for a common business purpose. Each Defendant is engaged in commerce or in the production of goods for commerce, because, inter alia, each Defendant has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, each Defendant's annual gross volume of business is at least $500,000.

13. Each Defendant, either directly or indirectly, has hired and fired Plaintiff and other employees; controlled Plaintiff's work schedules and conditions of employment; determined the rate and method of his payment; and kept at least some records regarding his employment.

## COLLECTIVE ACTION ALLEGATIONS

14. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claim as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since April 18, 2005 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid the minimum statutory rate for the hours that they worked and received no compensation for

3

overtime at rates not less than one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

15. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are over 20 Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

16. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

17. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

18. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

(a) whether the Defendants employed the Collective Action Members within the meaning of the FSLA;

(b) what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

(c) whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

(d) whether Defendants failed to pay the Collective Action Members compensation for hours worked for which they did not receive the statutory minimum wage and for overtime compensation for hours worked in excess of forty hours per workweek in violation of the FSLA and the regulations promulgated thereunder;

(e) whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

(f) whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

(g) whether Defendants should be enjoined from such violations of the FLSA in the future.

19. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF THE FACTS

20. Bernard was employed by Defendants from on or about 1999 until July, 2007 (the "time period").

21. Plaintiff was employed as a baker in Defendants' bakery.

22. Plaintiff, and other similarly situated employees, often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay him minimum wages and overtime compensation of one and one-half times his regular hourly rate in violation of the FLSA and the New York Labor Law. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

23. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

24. Plaintiff's duties did not include managerial responsibilities or the exercise of independent judgment.

25. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

26. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment and the course of the Collective Action Period, the Defendants failed to maintain accurate and sufficient time records.

27. At all relevant times, one or more Defendants employed and/or jointly employed one or more Plaintiffs.

28. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

29. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

30. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

31. At all relevant times, Defendants employed and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

32. Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

33. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

34. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage for hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

35. As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, for the statutory minimum hourly rate for hours worked by him as well as for overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have

violated and continues to violate the FSLA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

36. As a result of Defendants' failure to record, report, credit, and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FSLA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

37. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

38. Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, are entitled to recover from Defendants, their unpaid minimum wages, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

39. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

40. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

41. Defendants willfully violated Plaintiff's rights by failing to pay him the minimum statutory hourly rate for hours worked as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Labor Law and its regulations.

8

42. Defendants' New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

43. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime compensation and damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action and liquidated damages, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

WHEREFORE Plaintiff on behalf of himself and all others similarly situated, Collective Action Members, respectfully requests that this Court grant the following relief:

(a) Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FSLA Opt-In-Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and Plaintiff's counsel to represent the Collective Action Members.

(b) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

(c) An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

(d) An award of unpaid minimum wages and unpaid overtime compensation due under the FLSA and the New York Labor Law;

(e) An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216 and New York Labor Law § 663(1);

(f) An award of prejudgment and post judgment interest;

(g) An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

(h) Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
April 18, 2008

THE LAW OFFICE OF JEFFREY M. GOTTLIEB

*[signature]*

Jeffrey M. Gottlieb, Esq. (JG-7905)
Attorney for Plaintiff, Individually,
and on Behalf of All Other Persons Similarly Situated

150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of JCJ Bavan Corp, Charlie Nicocia, et al. to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Ramon Bernard_  4/17/2008  RAMON BERNARD
Signature                  Date        Print Name